17 F.3d 321
 Phyllis G. DALESKE, Arthur E. Eschenbach, Marie L.
Eschenbach, Robert E. Fiedler, Shirley M. Fiedler, Charles
B. West, Doris J. West, D.A. White & Co., Inc., Joan L.
White, doing business as D.A. Enterprises, Individually and
as representatives of a class consisting of all those owning
interests in residential lots, townhouses or condominiums
located in the "Pagosa Development," which were sold by
Fairfield after March 1, 1983,
Plaintiffs-Counter-Claim-Defendants-Appellants,
v.
FAIRFIELD COMMUNITIES, INC., a Delaware Corporation,
Defendant-Counter-Claimant-Appellee,
and
Colorado Land Title Company, a Colorado Corporation,
Defendant-Appellee.
 No. 93-1376.
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1994.
 
 Gerald Sawatzky, Foulston & Siefkin, Wichita, Kansas, for Plaintiffs-Counter-Claim-Defendants-Appellants.
 Gregory M. Gordon and Robert H. Stone of Jones, Day, Reavis & Pogue, Dallas, Texas, Keith Newbold of Shand, McLachlan & Newbold, Durango, Colorado, for Defendant-Counter-Claimant-Appellee Fairfield Communities, Inc. and Defendant-Appellee Colorado Land Title Company.
 Before TACHA and BRORBY, Circuit Judges, and BROWN,* Senior District Judge.
 BRORBY, Circuit Judge.
 
 
 1
 Plaintiffs-appellants appeal the district court's denial of their request for attorney's fees and costs stemming from the removal and remand of their state court lawsuit against defendant-appellee Fairfield Communities, Inc.[1] Because the court did not use an incorrect legal standard and did not abuse its discretion in denying fees and costs, we affirm.
 
 
 2
 Fairfield Communities, Inc. (Fairfield) is currently operating under a plan of reorganization confirmed by the United States Bankruptcy Court for the Eastern District of Arkansas in August 1992. Plaintiffs-appellants are a class of approximately 2,000 property owners who bought their lots from Fairfield or its predecessors, and who are now seeking to invalidate a restrictive covenant requiring the payment of maintenance fees and reimbursement of certain fees collected thereunder. The restrictive covenant was placed on their lots in August 1983, seven years before Fairfield declared bankruptcy.
 
 
 3
 The lot owners brought this action in state court, requesting that the restriction be declared invalid for several reasons, including: (1) it is inconsistent with the scheme of restrictions established for the entire development; (2) it is vague and uncertain; (3) Fairfield's transfer of approximately 800 unsold lots to Archuletta County under the reorganization plan makes it inequitable to require the remaining lots to pay the fee; and (4) Fairfield's discharge in bankruptcy of its duty to construct certain facilities voids the restriction and makes it unenforceable based on Fairfield's breach of its duties. Appellants' App. at 3-14.
 
 
 4
 Fairfield removed the action to the federal district court pursuant to 28 U.S.C. Sec. 1452(a), claiming that the lawsuit presented several core proceedings connected to its bankruptcy. The district court found that the matters raised in the state suit were neither "core" nor "related" to the bankruptcy proceeding and ordered the case remanded to the state court. The district court declined, however, to assess attorney's fees under either 28 U.S.C. Sec. 1447(c) or Bankr.R. 9011, finding that the claim of removal jurisdiction was brought in good faith and that there was a fair basis for the position taken by counsel.
 
 
 5
 Plaintiffs-appellants appeal the district court's decision, arguing that the court's finding that Fairfield acted in good faith reflects the application of an incorrect legal standard, and that they were entitled to fees and costs under the correct standard. Fairfield argues, in response, that the attorney's fees provision of 28 U.S.C. Sec. 1447(c) does not apply to cases removed and remanded under 28 U.S.C. Sec. 1452, which relates specifically to removals for bankruptcy jurisdiction.
 
 
 6
 We review de novo any statutory interpretation or other legal analysis underlying the district court's decision concerning attorney's fees. Hoyt v. Robson Cos., Inc., 11 F.3d 983, 984 (10th Cir.1993). The decision whether fees are warranted, however, is reviewed only for an abuse of discretion. Homeward Bound, Inc. v. Hissom Memorial Ctr., 963 F.2d 1352, 1355 (10th Cir.1992).
 
 
 7
 After a case has been removed, 28 U.S.C. Sec. 1447(c) requires that the case be remanded if it appears that the district court lacks subject matter jurisdiction. The statute provides further that the "order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." We first examine whether this statute applies to cases removed pursuant to 28 U.S.C. Sec. 1452, the bankruptcy removal statute.
 
 
 8
 Authority for the removal of cases may be found in several statutes. Section 1441 of title 28 is a general removal statute, permitting "defendants" to remove "any" civil action over which the district court has original jurisdiction. Section 1452, on the other hand, allows any "party" to remove cases within the district court's bankruptcy jurisdiction, 28 U.S.C. Sec. 1452(a), that is, proceedings arising under the Bankruptcy Code, or those arising in or related to a bankruptcy case, 28 U.S.C. Sec. 1334(b). Section 1452(b) contains its own remand provision, authorizing the court to remand a removed case "on any equitable ground."
 
 
 9
 In Pacor, Inc. v. Higgins (In re Pacor, Inc.), 743 F.2d 984, 991-92 (3d Cir.1984), the court compared the general removal provisions of 28 U.S.C. Secs. 1441-1447 to the bankruptcy removal statute, then 28 U.S.C. Sec. 1478 (currently 28 U.S.C. Sec. 1452), and concluded:
 
 
 10
 The fact that any attempt to apply the general removal provisions to removals brought under section 1478 would create a number of statutory conflicts and inconsistencies, supports the conclusion that the provisions of sections 1441-1447 were never meant to be read into the procedures for bankruptcy removals.... [For example,] section 1441 allows only a defendant to seek removal, whereas section 1478 allows any party to remove. Sections 1441-1447, ... by their own terms, could not apply to matters removed by a plaintiff, creating ... statutory limbo. We decline to read such incongruous results into the legislation.
 
 
 11
 Id. at 992. Several other courts have adopted this reasoning. See, e.g., In re Federal Sav. & Loan Ins. Corp., 837 F.2d 432, 436 (11th Cir.1988) (Sec. 1447(c) applies only to cases removed pursuant to Sec. 1441(a)); National City Bank v. Coopers & Lybrand, 802 F.2d 990, 993 (8th Cir.1986) (28 U.S.C. Sec. 1447(d) precludes review of remand order pursuant to Sec. 1447(c), but not for lack of bankruptcy jurisdiction under 28 U.S.C. Sec. 1334); In re Boyer, 108 B.R. 19, 23-25 (Bankr.N.D.N.Y.1988) (holding that time frames in general removal scheme of 28 U.S.C. Secs. 1441-1447 do not apply to bankruptcy removal pursuant to 28 U.S.C. Sec. 1452).
 
 
 12
 Recently, however, the United States Supreme Court decided Connecticut National Bank v. Germain, --- U.S. ----, ---- - ----, 112 S.Ct. 1146, 1148-49, 117 L.Ed.2d 391 (1992), in which it examined whether the specific bankruptcy appellate jurisdiction granted in 28 U.S.C. Sec. 158 precludes appeals under the more general provision of 28 U.S.C. Sec. 1292. The Court noted that "[r]edundancies across statutes are not unusual events in drafting, and so long as there is no 'positive repugnancy' between two laws, a court must give effect to both." Id. at ----, 112 S.Ct. at 1149 (citation omitted). Here, because Fairfield's bankruptcy removal could have been premised on either 28 U.S.C. Sec. 1441(a), which allows removal whenever the district court has original jurisdiction, or on 28 U.S.C. Sec. 1452(a), which specifically authorizes removal of bankruptcy actions, there is no "positive repugnancy" and the two removal statutes simply overlap.
 
 
 13
 Moreover, the remand provision in section 1452(b) is limited to discretionary remands based on equitable grounds. If this were the only statute to apply, there would be no requirement that cases removed under Sec. 1452(a) be remanded on the purely legal ground that the district court lacks subject matter jurisdiction. Because Sec. 1447(c) requires such a remand, the statutes cover different contingencies, and should both be given effect. For these reasons, the provisions of 28 U.S.C. Sec. 1447(c) apply to cases removed under Sec. 1452(a) as well.
 
 
 14
 Prior to its amendment in 1988, Sec. 1447(c) simply authorized payment of "just costs" when a case had been "removed improvidently and without jurisdiction." 28 U.S.C. Sec. 1447(c) (superseded). The statute was amended to remove the requirement that the case be removed improvidently and to add authority for an award of attorney's fees. These changes have been interpreted to negate any requirement that the removal be in bad faith before fees can be awarded. See, e.g., Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238, 240 (6th Cir.1993); Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 446 (9th Cir.1992); Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d 917, 923 (2d Cir.1992). Thus, if the district court had refused to award fees in the absence of evidence of bad faith, it would have employed an incorrect legal standard.
 
 
 15
 The district court did not, however, employ such a standard. Instead, it made express findings that Fairfield acted in good faith and had a fair basis for removing the case, and then considered such findings in deciding whether fees were warranted. Even after the statute was amended, "the propriety of the defendant's removal continues to be central in determining whether to impose fees." Miranti v. Lee, 3 F.3d 925, 928 (5th Cir.1993). Thus, we find no legal error in the standard employed by the district court.
 
 
 16
 We also hold that the district court did not abuse its wide discretion in declining to award fees and costs. Plaintiffs-appellants base their lawsuit on conditions which either arose prepetition or resulted directly from confirmation of Fairfield's reorganization plan. They seek to remove from Fairfield a source of income which otherwise would be available to pay creditors under the plan. Given the bankruptcy court's postconfirmation jurisdiction over matters affecting the administration, implementation and consummation of the plan, 11 U.S.C. Sec. 1142, its jurisdiction to determine the scope of a debtor's discharge, e.g., Woodson v. Robintech, Inc., 69 B.R. 77, 78 (E.D.La.1986), and the broad postconfirmation jurisdiction retained by the court in this case, see Appellant's App. at 122-25, Fairfield had a legitimate basis for believing the case fell within the district court's bankruptcy jurisdiction. Thus, the district court did not abuse its discretion in declining to award fees and costs under either 28 U.S.C. Sec. 1447(c) or Bankr.R. 9011.
 
 
 17
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument