**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

TIMOTHY P. SUDER,

       Plaintiff-Appellee,

v.

BLUE CIRCLE, INC., an Alabama
corporation,

       Defendant-Appellant.

No. 96-5214

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 95-CV-946-K)

---

Submitted on the briefs:

Allen J. Autrey of Allen J. Autrey, P.C., Tulsa, Oklahoma, for Plaintiff-Appellee.

Stephen L. Andrew and D. Kevin Ikenberry of Stephen L. Andrew & Associates,
Tulsa, Oklahoma, for Defendant-Appellant.

---

Before BRORBY, BARRETT, and LUCERO, Circuit Judges.

---

BRORBY, Circuit Judge.

---

Appellant Blue Circle, Inc., appeals the order of the district court assessing attorneys' fees pursuant to 28 U.S.C. § 1447(c) for the improper removal of a retaliatory discharge case. For the reasons stated herein, we affirm.[1]

Plaintiff Timothy P. Suder, an Oklahoma resident, brought a retaliatory discharge case in Oklahoma state court against Blue Circle, an Alabama corporation with its principal place of business in Alabama. Blue Circle removed the case to the United States District Court for the Northern District of Oklahoma. Within thirty days after the filing of the notice of removal, plaintiff filed a motion to remand. See 28 U.S.C. § 1447(c).[2]

The district court granted the motion to remand and assessed costs and attorneys' fees against Blue Circle pursuant to 28 U.S.C. § 1447(c). On appeal, Blue Circle argues that attorney fees should not be awarded under § 1447(c) when there is a "colorable basis for the removal."

The court's decision regarding whether a fee award is warranted is reviewed for abuse of discretion, while the underlying legal analysis is reviewed

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

[2]     Section 1447(c) provides, in pertinent part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

de novo. See Daleske v. Fairfield Communities, Inc., 17 F.3d 321, 323 (10th Cir. 1994). Among the nonremovable actions listed under 28 U.S.C. § 1445 is "[a] civil action in any State court arising under the workmen's compensation laws of such State . . . ." Section 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This court has held that the fee award is discretionary with the court, and that no showing of bad faith need be made to justify such an award. See Daleske, 17 F.3d at 324-25. What *is* required to award fees, however, is a showing that the removal was improper *ab initio*. See id. at 324 (noting that "the propriety of the defendant's removal continues to be central in determining whether to impose fees") (quotation omitted). Thus, it was error for the district court to assess fees against Blue Circle only if its removal to federal court was proper in the first place. In order to prevail on this argument, Blue Circle argues that plaintiff's retaliatory discharge claim did not arise under the workers' compensation laws of Oklahoma, thus making the removal proper. Whether a retaliatory discharge claim arises under state workers' compensation law for purposes of the removal statutes is a question of federal law. See Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1245 (8th Cir. 1995); see generally, Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 705 (1972) (noting that

standards for determining when suits are eligible for removal to federal court are set by Congress and are not dependent on local law).

Title 58 of the Oklahoma statutory compilation contains the Worker's Compensation Act. Section 5 of that title provides:

> No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of [this title], or has testified or is about to testify in any such proceeding.

As long ago as 1977, the federal district court in Oklahoma had held that claims brought pursuant to this statute arise under the workers' compensation laws of Oklahoma. See Kemp v. Dayton Tire & Rubber Co., 435 F. Supp. 1062, 1063 (W.D. Okla. 1977). We find no basis upon which to disturb that conclusion.

Blue Circle cites Spearman v. Exxon Coal USA, Inc., 16 F.3d 722 (7th Cir. 1994), as support for its argument that plaintiff's retaliatory discharge claim did not arise under the worker's compensation laws of Oklahoma. That case, however, is distinguishable. In Spearman, the court was careful to point out that the Illinois law of retaliatory discharge had its genesis, not in any statutory workers' compensation scheme, but rather in the general tort law of the state. See id. at 723, 725.

We agree with the district court that the analysis of the Eighth Circuit in Humphrey, 58 F.3d 1238, construing a Missouri retaliatory discharge statute,

applies with equal force to Oklahoma's retaliatory discharge scheme. In rejecting

Spearman, the Eighth Circuit stated:

> Under the plain meaning of the [removal] statute, where a state legislature enacts a provision within its workers compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies; under such circumstances, the action would be non-removable, subject only to the complete preemption doctrine.

Id. at 1246 (footnote omitted).

We reject Blue Circle's argument that fees should not be awarded under

§ 1447(c) if there is a "colorable" basis for the removal. The standard is not

whether the basis for the removal was merely "colorable;" the central inquiry is

the "propriety" of the removal, see Daleske, 17 F.3d at 324, a standard much

different than "colorable." A removal is proper only if it is legitimate. As we

have held above, retaliatory discharge claims arise under Oklahoma's workers'

compensation law making Blue Circle's removal of this case to federal court

improper. Once the district court correctly made that determination, it was then

within the court's discretion to assess just costs and fees. See Excell, Inc. v.

Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 321-22 (10th Cir. 1997)

(rejecting argument that award was erroneous because party removed under good

faith interpretation of forum selection clause). We find no abuse of discretion on

the part of the district court in assessing fees against Blue Circle for its improper removal.[3]

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

---

[3] This is especially true in light of the fact that Blue Circle had been informed by federal district courts in Oklahoma on at least two prior occasions that removal of retaliatory discharge actions was improper because such actions arose under state workers' compensation laws. See Hanna v. Blue Circle Cement, Inc., No. 92-C-1142-B (N.D. Okla. Mar. 18, 1993); Thompson v. Blue Circle, Inc., No. 84-C-79-E (N.D. Okla. June 8, 1984).