Lena R. GAINES–TABB, et al., Plaintiffs,

v.

MID-KANSAS COOPERATIVE ASSOCIATION, et al., Defendants.

Frankie DAY, et al., Plaintiffs,

v.

MID-KANSAS COOPERATIVE ASSOCIATION, et al., Defendants.

Frances CUMMINS, et al., Plaintiffs,

v.

MID-KANSAS COOPERATIVE ASSOCIATION, et al., Defendants.

Rhonda HARDING, et al., Plaintiffs,

v.

MID-KANSAS COOPERATIVE ASSOCIATION, et al., Defendants.

Nos. 97–4150–51–52–53–RDR.

United States District Court, D. Kansas.

Nov. 5, 1997.

John M. Merritt, Merritt & Rooney, Oklahoma City, OK, Scott W. Owens, Barlow, Niffen & Owens, L.L.C., Kansas City, MO, Johnnie L. Cochran, Jr., Los Angeles, CA, for Plaintiffs in 97-CV-4150.

Scott W. Owens, Barlow, Niffen & Owens, L.L.C., Kansas City, MO, Robert F. Foss, Baum, Hedlund, Artistei, Guilford & Downey, Los Angeles, CA, for Plaintiffs in 97-CV-4151 and 97-CV-4152.

Scott W. Owens, Barlow, Niffen & Owens, L.L.C., Kansas City, MO, Mark C. Brodeur, J.Joseph Reina, Dallas, TX, George M. Fleming, Daniel J. Petroski, Jr., Fleming, Hovenkamp & Grayson, P.C., Houston, TX, for Plaintiffs in 97-CV-4153.

John F. Murphy, George E. Wolf, Ann M. MacPherson, Shana J. Long, Shook, Hardy & Bacon, L.L.P., Kansas City, MO, for Defendants in 97-CV-4150, 4151, 4152, 4153.

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This matter is presently before the court upon plaintiffs' motions to remand.[1] Having heard oral argument on the motions, the court is now prepared to rule.

These cases arise out of the bombing of the Murrah Federal Building in Oklahoma City, Oklahoma on April 19, 1995. Plaintiffs seek damages from the distributors of the fertilizer that was allegedly used in the bombing. They assert that the defendants were negligent in the sale and distribution of the fertilizer.

These cases were originally filed in the District Court of Shawnee County, Kansas on April 18, 1997. The defendants subsequently removed the cases to this court pursuant to 28 U.S.C. § 1441. In the petitions for removal, the defendants assert that jurisdiction is proper in federal court because plaintiffs' claims "arise under the laws of the United States" and there is complete diversity among the parties. Plaintiffs responded with the instant motions to remand.

## MOTION TO REMAND

Plaintiffs contend that these cases must be remanded because this court lacks jurisdiction under either of the bases cited by the defendants. Plaintiffs argue that the defendants are prohibited from removing based on diversity jurisdiction because they are citizens of the forum state They further argue that federal question jurisdiction is lacking because they have asserted only claims under state law.

### Standards for Remand

A civil action is generally removable only if plaintiff could have brought the action in federal court originally. 28 U.S.C. § 1441(a). The court is required to remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The defendant seeking removal has the burden of establishing grounds for federal jurisdiction over the case. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Because the courts of the United States are courts of limited jurisdiction, there is a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). Accordingly, the court must strictly construe the federal removal statute. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814, 106 S.Ct. 3229, 3235, 92 L.Ed.2d 650 (1986); *Fajen v. Foundation Reserve Insur-*

---

1. The claims in these cases are virtually identical. The court has not consolidated the cases, though a motion to consolidate is pending. Given the similarity of the cases, the court shall not distinguish them in the course of this opinion.

*ance Co. Inc.,* 683 F.2d 331, 333 (10th Cir. 1982).

### Diversity Jurisdiction

■ There is no dispute that there is complete diversity among the parties. Removal based on diversity, however, is available only if none of the defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *McKay v. Boyd Construction Co.,* 769 F.2d 1084, 1087 (5th Cir.1985). Accordingly, the defendants, who are both citizens of Kansas, are precluded from removing these cases to federal court even though diversity jurisdiction is present.

### Federal Question Jurisdiction

■ The court must analyze a removal action on the basis of federal question jurisdiction under the well-pleaded complaint rule. *Merrell Dow,* 478 U.S. at 808, 106 S.Ct. at 3232. This requires disclosure of the federal question on the face of the complaint. *Id.* The complaint must state a cause of action created by federal law or it must assert a state law cause of action requiring the "resolution of a substantial question of federal law." *Franchise Tax Board of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983).

■ The defendants initially suggest that plaintiffs have attempted to plead a federal cause of action. The defendants next contend that, at the very least, plaintiffs' claims for relief require the application and construction of federal law. They assert that they depend upon "the construction or application of 18 U.S.C. § 841 *et seq.,* and the United States Department of Transportation Hazardous Materials Regulation, 49 C.F.R. parts 171 to 180, Federal Register, Volume 55, No. 246 of December 21, 1990, pages 52401 through 52729." They suggest that plaintiffs' causes of action rest on the premise that the defendants' distribution and/or sale of the fertilizer is regulated by federal statute. They further suggest that plaintiffs' claims rest upon the proposition that the

defendants were distributing and/or selling an "explosive" as defined by federal law.

In their complaints, plaintiffs raise claims of negligence, strict liability and negligent and intentional infliction of emotional distress. They assert that the defendants are liable for the damages that resulted from the bombing of the Murrah Federal Building because they improperly and illegally sold or distributed explosive grade fertilizer to Timothy McVeigh and Terry Nichols. They allege that the defendants violated various provisions of state and federal law in the sale of the fertilizer.

A review of plaintiffs' complaints reveals that they have asserted only state law claims. The court finds no basis for the defendants' contention that plaintiffs are attempting to create a federal cause of action. The complaints are replete with references to negligence and strict Liability, causes of action traditionally relegated to state law. The complaints do make reference to federal law, specifically 18 U.S.C. § 841 *et seq.*[2], but plaintiffs make no effort to assert a cause of action under it.

■ Even if such an effort were made, the court does not find that these statutes create a private right of action. While several factors have been deemed relevant in determining when a private remedy may be inferred, *see Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975), the ultimate question is whether Congress intended to create a private right of action. *Schmeling v. NORDAM,* 97 F.3d 1336, 1344 (10th Cir.1996). Neither the objective language of the federal explosives statutes nor their legislative history indicates an intent to fashion a remedy.

The parties are in different camps as to whether this determination forecloses federal jurisdiction. Plaintiffs point to the following language from *Merrell Dow* in support of their contention that a private federal remedy for violating a federal statute is necessary for finding federal question jurisdiction: "We simply conclude that the congressional deter-

---

2. These criminal statutes govern the importation, manufacture, distribution and storage of explosive materials.

mination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute of an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." 478 U.S. at 814, 106 S.Ct. at 3235. The Third Circuit has adopted this view of *Merrell Dow. Smith v. Industrial Valley Title Insurance Co.*, 957 F.2d 90, 93 (3d Cir.1992) ("Following *Merrell Dow*, we hold that a private federal remedy for violating a federal statute is a prerequisite for finding federal question jurisdiction in this circumstance.").

Defendants contend that the court must still consider whether plaintiffs' claims "necessarily turn on some construction of federal law" because *Merrell Dow* did not overrule *Franchise Tax Board* or *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921). The Second Circuit has adopted this interpretation of *Merrell Dow. Barbara v. New York Stock Exchange, Inc.*, 99 F.3d 49, 54 (2nd Cir.1996) ("[S]ubsequent cases in this circuit have not read *Merrell Dow* categorically to preclude federal question jurisdiction for violation of the relevant federal law . . .").

The Court in *Merrell Dow* indicated that the alternative language for invoking § 1331 jurisdiction contained in *Franchise Tax Board*, "where the vindication of a right under state law necessarily turn[s] on some construction of federal law," must be "read with caution." 478 U.S. at 809, 106 S.Ct. at 3232. It does not "disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Id.* at 813, 106 S.Ct. at 3234.

 The court is persuaded that the Tenth Circuit is of the belief that *Merrell Dow* has not eliminated the alternative basis for jurisdiction under § 1331. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir.1994). In determining whether a case turns on a question of federal law, a court should (1) focus on whether Congress evidenced an intent to provide a federal forum; and (2) consider principles of federalism. *Id.* at 1111–12.

 The court does not find that the claims asserted by the plaintiffs turn on the construction of federal law. An evaluation of the factors set forth in *Morris* clearly suggests that the alternative basis for federal question jurisdiction is not present here. A federal forum is not appropriate or necessary given the nature of the claims asserted by the plaintiffs, causes of action traditionally reserved for the state courts. The court is not persuaded by defendants' efforts to distinguish *Merrell Dow*. This case closely mirrors the situation there. Plaintiffs' right to relief does not necessarily depend on resolution of a substantial question of federal law. The fact that a state law cause of action may require reference to federal law is not enough. *Merrell Dow*, 478 U.S. at 808–12, 106 S.Ct. at 3232–34 (1986). To the extent that some construction of federal law is necessary, the court is convinced that the state court car. interpret and apply federal law. State courts routinely do so, and we see no reason why this case presents an exception.

In sum, the court finds that plaintiffs' motions to remand must be granted. These cases shall be remanded to the District Court of Shawnee County, Kansas for all further proceedings.

 Plaintiffs have also requested, pursuant to 28 U.S.C. § 1447(c), an award of attorneys' fees and costs incurred by them as a result of defendants' improper removal of this action. Under § 1447(c), a district court has discretion to award attorney's fees and costs, if removal is found to be improper. *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1353 (10th Cir.1997). There is no requirement that the removal be in bad faith before fees and costs are awarded. *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir.), *cert. denied*, 511 U.S. 1082, 114 S.Ct. 1832, 128 L.Ed.2d 461 (1994). The court, in its discretion, shall deny plaintiffs' request for fees and costs.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to remand (Doc. # 13 in No. 97–4150, Doc. # 9 in No. 97–4151, Doc. # 9 in No. 97–4152, Doc. # 9 in No. 97–4153) be hereby granted. These cases shall be re-

manded to the District Court of Shawnee County, Kansas for all further proceedings.

**IT IS FURTHER ORDERED** that plaintiffs' request for attorneys' fees and costs be hereby denied.

**IT IS SO ORDERED.**