Rory **RUNDLE**, Plaintiffs,

v.

**FRONTIER–KEMPER CONSTRUCTORS, INC.,** Defendant.

No. Civ.A. 01–B–1423.

United States District Court, D. Colorado.

Oct. 19, 2001.

Gregory S. Russi, Worrell, Griffith, Durrett & Jaynes, P.C., Glenwood Springs, CO, for plaintiff.

Julie C. Berquist, Leavenworth & Karp, PC, Glenwood Springs, CO, for defendant.

## MEMORANDUM OPINION
## AND ORDER

BABCOCK, Chief Judge.

Plaintiff Rory Rundle brought one claim in Colorado state court for wrongful termination in violation of public policy against Defendant Frontier–Kemper Constructors, Inc. ("Frontier–Kemper"). Frontier–Kemper removed pursuant to 28 U.S.C. § 1441. Mr Rundle moves for remand. The motion is adequately briefed and oral argument would not materially aid its resolution. For the following reasons, I deny Mr. Rundle's motion for remand. Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

### I. Facts

The following facts are taken from Mr. Rundle's Complaint. Mr. Rundle is a resident of Colorado. Prior to January 23, 1999, he was an employee of Frontier–Kemper. He suffered a work-related injury on the job, for which he sought and received workers' compensation benefits. He alleges that Frontier–Kemper terminated him "for having sustained an injury on the job, applying for benefits therefor, receiving those benefits, and other specifically enacted rights." Complaint at ¶ 12.

### II. Motion for Remand

■ Mr. Rundle moves for remand, arguing that removal was improper under 28 U.S.C. § 1445(c). Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so. *See Castaneda v. Immigration and Naturalization Serv.*, 23 F.3d 1576, 1580 (10th Cir.1994). Removal of a case from the state court to the federal court is governed by 28 U.S.C. § 1441. That statute reads:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

28 U.S.C. § 1332(a) provides that district courts shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and the dispute is between citizens of different States. The parties are admittedly diverse, as Mr. Rundle is a Colorado resident and Frontier–Kemper is an Indiana corporation. Mr. Rundle also does not dispute Frontier–Kemper's argument that $75,000 or greater is in dispute.

■ Mr. Rundle argues, however, that this is a claim based on Colorado's workers' compensation statute, and as such is barred by 28 U.S.C. § 1445(c). Section 1445(c) states, "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c) "represents a concern for the states' interest in administering their own worker's compensation laws and limiting the flow of these essentially local disputes into the federal courts." 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3729 (3d ed.1998); *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091 (5th Cir.1991). The question then is whether Mr. Rundle's wrongful termination claim "arises under the workmen's compensation laws" of the state of Colorado for the purposes of section 1445(c). I hold that it does not.

■ The Workers' Compensation Act, Colo.Rev.Stat. § 8–40–101 *et seq.*, establishes the benefits available to workers injured in the course and scope of employment and the procedures for obtaining

those benefits. *See Duran v. Indus. Claim Appeals Office,* 883 P.2d 477, 479 (Colo.1994). The purpose of the Act is "to provide a remedy in areas where remedies do not exist at common law." *Chartier v. Winslow Crane Serv. Co.,* 142 Colo. 294, 350 P.2d 1044, 1056 (1960). The statute provides an employee injured in the course and scope of his employment with medical treatment and compensation for the temporary and/or permanent loss of income resulting from the employee's disability. The statutory scheme requires an employer, by insurance or otherwise, to provide for the benefits assured to his employees. *See* § 8–44–101(1)(a)–(d). It is unlawful under the Act to require the employee to pay "all or any part of the cost" of providing the benefits. *See id.* at § 101(2).

█ In return for this guaranteed coverage, the exclusive-remedy provisions of the Act bar civil actions in tort against an employer for injuries that are compensable under the Act. *See* §§ 8–41–102, 104. An employer that has complied with the Act is granted immunity from common-law actions for damages, and its employees are limited to the remedies specified in the act. *See Hilzer v. MacDonald,* 169 Colo. 230, 454 P.2d 928, 931 (1969); *see also Popovich v. Irlando,* 811 P.2d 379, 381 (Colo. 1991). Thus, in exchange for the certainty and relative speed of the workers' compensation system, an employee surrenders the right to sue his or her employer in tort and the employer surrenders its defenses to such suit. *See Popovich,* 811 P.2d at 384.

█ Although the Act bars civil actions against an employer for injuries compensable under the Act, an action may lie in tort against an employer who terminates an employee in retaliation for filing a workers' compensation claim. As a general rule, an employee who is hired in Colorado for an indefinite period of time may be terminated without cause and without notice, without giving rise to a cause of action. *See Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987). However, a judicially crafted exception exists. The Colorado courts have declared a public interest in prohibiting an employer from placing an employee in the position of remaining employed only by performing an illegal act, forsaking a public duty, or forgoing a job-related right or privilege. *See Crawford Rehab. Servs., Inc. v. Weissman,* 938 P.2d 540 (Colo.1997); *Martin Marietta Corp. v. Lorenz,* 823 P.2d 100 (Colo.1992). Thus, the Colorado courts have recognized the tort of wrongful termination in violation of public policy when an employer discharges an employee for filing a workers' compensation claim. *See Lathrop v. Entenmann's, Inc.,* 770 P.2d 1367, 1372–73 (Colo.Ct.App.1989).

In *Lathrop* the Court determined that an employer has a statutorily mandated duty under § 8–40–101, *et seq.,* to provide compensation to workers injured in the course of their employment, and that employees have a commensurate right to such compensation. The Court found an important public interest in an employee's right to seek compensation for a work-related injury without having to fear reprisal for doing so. Accordingly, the Court held that a plaintiff's right to seek compensation for a work-related injury is a recognized public policy exception to the at-will employment doctrine. The Court specifically defined the action as "a common law claim" that is "based solely upon this state's public policy." *Id.* at 1373.

█ The issue of whether such a wrongful termination claim "arises under" the Workers' Compensation Act for purposes of 28 U.S.C. § 1445(c) has not been addressed in the context of Colorado law. The question is one of federal law. *See Suder v. Blue Circle, Inc.,* 116 F.3d 1351, 1352 (10th Cir.1997) (citations omitted).

Although other courts have addressed this issue in the context of other states' workers' compensation laws, a split of authority has emerged in the Circuits. This split centers primarily on whether the cause of action has been codified in the state's workers' compensation statute. In cases where the cause of action is statutorily created, the claim is generally held to "arise under" for purposes of § 1445(c). Conversely, where the claim has been judicially created, removal has been held proper under § 1445(c). *See, e.g., Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir.2000) (action under Alabama statute barring retaliation by employer for filing workers' compensation claims was barred by § 1445(c)); *Suder v. Blue Circle, Inc.*, 116 F.3d 1351 (10th Cir.1997) (retaliatory discharge claim arose under the workers' compensation laws of Oklahoma, as the cause of action was codified); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir.1995) (retaliatory discharge action arose under Missouri's workers' compensation laws because the right was established by statute); *Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121, 125 (4th Cir.1995) (intentional tort action, brought when employer acts with the deliberate intent to injure workers, does not arise under state workers' compensation laws for section 1445(c) purposes); *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725–26 (7th Cir.1994) (tort claim alleging retaliatory discharge did not arise under the Illinois workers' compensation laws for purposes of § 1445(c), as the claim was not embodied in the Illinois statutory workers' compensation scheme, but rather derived from the state's common law); *Thornton v. Denny's Inc.*, 1993 WL 137078 (6th Cir. Apr. 29, 1993) (claim of retaliatory discharge for filing a workmen's compensation claim does not arise under the Michigan worker's compensation law, as the worker's compensation statute provides neither the mechanisms nor the remedy

for this type of suit); *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091–92 (5th Cir.1991) (retaliatory discharge claim arose under the Texas workers' compensation laws for purposes of § 1445(c) where the claim was based upon statutory authority, even though the controlling statute was not within the workers' compensation chapter).

The Tenth Circuit has addressed the issue only in the context of Oklahoma law. In *Suder v. Blue Circle, Inc.*, 116 F.3d 1351 (10th Cir.1997), plaintiff brought a claim of retaliatory discharge pursuant to a state statute which forbade discharge in retaliation of a workers' compensation claim. Claims brought under this statute had already been held to arise under the workers' compensation laws of Oklahoma. *See Kemp v. Dayton Tire & Rubber Co.*, 435 F.Supp. 1062, 1063 (W.D.Okla.1977). The Tenth Circuit followed this precedent. The Court distinguished *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725–26 (7th Cir.1994), noting that the Illinois law of retaliatory discharge had its genesis not in any statutory workers' compensation scheme, but rather in the state's common law of tort. *See Spearman*, 16 F.3d at 723, 725. The Court instead found the analysis of the Eighth Circuit in *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir.1995), persuasive. Like *Suder, Humphrey* involved a retaliatory discharge statute. The *Suder* Court quoted *Humphrey* for the proposition that:

> 'Under the plain meaning of the [removal] statute, where a state legislature enacts a provision within its workers compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies; under such circumstances, the action would be non-removable, subject only to the complete preemption doctrine.'

1080

*Suder,* 116 F.3d at 1352 (quoting *Humphrey,* 58 F.3d at 1246 (footnote omitted)).

 Unlike *Suder* and *Humphrey,* the cause of action here is not statutorily created. Wrongful termination is not codified by the Colorado Workers' Compensation Act, and finds neither its mechanisms nor its remedy there. Rather, this is "a common law claim" that is "based solely upon [Colorado's] public policy." *Lathrop v. Entenmann's, Inc.,* 770 P.2d 1367, 1373 (Colo.Ct.App.1989). Like *Spearman,* this claim has its genesis in Colorado's common law of tort, not in its statutory workers' compensation scheme. Applying the reasoning of *Suder,* the plain meaning of the removal statute, and the analysis used by a majority of Circuit Courts, I hold that the tort of wrongful termination in violation of public policy does not arise under the workers' compensation laws of Colorado. Section 1445(c) does not therefore apply, and the action was properly removed.

Accordingly, IT IS ORDERED that:

(1) Plaintiff's motion for remand is DENIED.