**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

IN THE MATTER OF BABY C, a
minor child,

     Plaintiff - Appellee,

v.

ROSEMARY DENISE PRICE;
DAVID M. PRICE,

     Defendants - Appellants.

No. 04-3299
(Kansas)
(D.Ct. No. 04-CV-4044-SAC)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

The present case arises out of a dispute over the adoption of Baby C. Baby C was given up for adoption to third-parties shortly after birth by the biological mother. The biological father, David Price, and his wife, Rosemary, contested the adoption in the Kansas state courts. After a series of adverse rulings in the state courts, the Prices, appearing *pro se*, filed a notice of removal in the United States District Court for the District of Kansas under 28 U.S.C. § 1441 alleging a multitude of federal and state constitutional and statutory violations. The district court denied the attempt at removal and remanded the cases to the state courts. This appeal followed. The Prices contest the district court's remand of their cases to state court and its award of attorney's fees and costs. We affirm.

## I. Background

The state court proceedings commenced on May 4, 2001, when the adoptive parents filed a petition for the adoption of Baby C in the Shawnee County, Kansas, District Court ("SCDC") (Case No. 01 A 48). In that proceeding, the biological mother consented to the adoption and the petition named David Price as the biological father. On May 10, 2001, the adoptive parents petitioned the SCDC to sever the father's parental rights to Baby C. After a hearing on July 22-23, 2002,[1] the SCDC entered an order terminating David Price's parental rights to

---

[1] Initially, the district court had severed David Price's parental rights and entered an adoption decree after he failed to appear at a hearing on June 22, 2001. On July 16, 2001, David Price successfully moved to have the court set aside the default termination

Baby C and later denied his motion to reconsider.

David Price appealed the SCDC's ruling to the Court of Appeals for the State of Kansas, which affirmed on December 19, 2003 (Case No. 03 90035 A). The Kansas Supreme Court denied David Price's petition for review on March 30, 2004. On January 5, 2004, during the pendency of David Price's appeal, Rosemary Price filed a petition for stepparent adoption with the SCDC (Case No. 04 A 3). After the denial of review in the first case by the Kansas Supreme Court, the adoption by the adoptive parents was finalized by the SCDC on April 23, 2004

On May 5, 2004, David and Rosemary Price, *pro se*, filed a Notice of Removal in the United States District Court for the District of Kansas ("USDC") seeking to remove both David and Rosemary's state cases (Case Nos. 01 A 48 & 04 A 3) as well as the appeal of David's case (Case No. 03 90035 A). The Prices raised a multitude of federal constitutional and statutory claims as well as state constitutional and statutory claims based on the termination of David Price's parental rights and the adoption of Baby C. The adoptive parents filed a motion for dismissal claiming procedural and jurisdictional defects with the notice of removal.

On June 10, 2004, the USDC remanded the cases on three grounds: 1) the

and adoption orders.

-3-

pleadings did not establish that the notice of removal had been filed within the thirty-day time requirement of 28 U.S.C. § 1446 (b); 2) the complaints and petitions did not contain any questions arising under federal law; and 3) the notice of removal did not satisfy the requirements for removal of a civil rights case under 28 U.S.C. § 1443. The USDC also ordered the Prices to pay $1000 in attorney's fees and costs to the adoptive parents under 28 U.S.C. § 1447(c). The Prices filed a motion for reconsideration on June 22, 2004. The district court denied the motion on July 27, 2004. The Prices filed a notice of appeal to this Court on August 9, 2004. They challenge the remand of their cases and the award of attorney's fees and costs.[2]

## II. Discussion

A. <u>Remand</u>

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Johnson*, 404 F.3d at 1247. Under § 1446(b), a

---

[2] This Court has recently held that remand orders for lack of subject-matter jurisdiction involving cases originally removed under § 1441 are insulated from review. *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247-48 (10th Cir. 2005). However, certain civil rights cases removed under § 1443 are not subject to this bar. *Id.* at 1248. Here, the Prices attempted to remove their cases under § 1441 but raised several civil rights claims which the district court discussed under § 1443. Additionally, the award of fees and costs are still reviewable as well as the underlying legal analysis supporting the award. *Id.* Accordingly, we review the district court's order denying removal and remanding the cases to state court.

defendant in a state court action desiring to remove a civil action must file the notice of removal:

> within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

In order to establish federal question jurisdiction, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Except for narrow circumstances not present here, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *Johnson*, 404 F.3d at 1247; *see also Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 & n.2 (2002). Generally, the presumption is "against removal jurisdiction." *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). The removing party has the burden to demonstrate the appropriateness of removal from state to federal court. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Thus, doubtful cases must be resolved in favor of remand.

With these principles in mind, we have carefully reviewed the record, and agree with the district court's conclusions. First, as a procedural matter, the Prices have not complied with the requirements of § 1446(b). According to the record, David Price received notice of the petition for adoption filed in the

Shawnee County District Court on May 12, 2001. Under § 1446(b), he had 30 days to file a notice of removal. He did not actually file his notice of removal until May 5, 2004, almost three years after he had received notice of the petition for adoption. In the interim, the state court proceeding was completed, Price appealed, the Court of Appeals for the State of Kansas affirmed the district court's ruling, and the Kansas Supreme Court denied review. The removal statutes are not a mechanism for relitigating cases already decided by state courts, nor for removing cases on appeal in the state courts.[3] Finally, Rosemary Price cannot remove her state court adoption petition (Case No. 04 A 3) to federal court simply because she is not the defendant in that case. She voluntarily chose to file her case in state court and is ineligible to remove it. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court . . . may be removed *by the defendant or defendants . . . .*") (emphasis added).

Second, and equally fatal, the underlying state court adoption case did not state a federal question on the face of the plaintiff's properly pleaded complaint; here the adoptive parents' petition for adoption. Adoption is quintessentially a

_____

[3] By attempting to remove state court cases that have already been concluded, the Prices are attempting an end-run around the *Rooker-Feldman* doctrine. *Rooker-Feldman* precludes the losing party in a state court action from filing suit in federal court to set aside the state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1522-23 (2005). This is precisely what the Prices are trying to do and their attempt cannot be countenanced.

state law issue and all of the Price's claims in federal court constitute putative defenses or counterclaims to the adoption based on federal law. Moreover, many of the putative defenses or counterclaims are suspect. For example, the Prices argue the federal courts should step in because "new laws need to be written and/or adopted to protect a third party of interest, namely the intended mother/step-mother, in an 'at birth adoption?'" (Appellants' Br. 22.) This is precisely the type of case that is meant to be excluded from removal by the properly pleaded plaintiff's complaint rule articulated in *Caterpillar*. Thus, the district court lacked subject-matter jurisdiction and was correct to remand the cases to state court based on procedural defects and lack of jurisdiction.

B. <u>Attorney Fees</u>

The Prices also challenge the district court's award of $1000 in costs to the adoptive parents. Section 1447(c) allows a court to "require payment of just cost and any actual expenses, including attorney fees, incurred as a result of the removal." A court's decision to grant a fee award "is reviewed for abuse of discretion while the underlying legal analysis is reviewed de novo." *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). "No showing of bad faith is necessary to justify the award," *Johnson*, 404 F.3d at 1248, only "a showing that the removal was improper *ab initio*." *Suder*, 116 F.3d at 1352. That the Prices are *pro se* litigants does not prevent the court from imposing sanctions. *Johnson*,

404 F.3d at 1248; *Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003). The district court determined that $1000 was "less than the actual expenses and costs incurred by the adoptive parents in challenging federal jurisdiction over these removed cases" and that "the award of $1000 is fair and reasonable in light of the pro se status of the removing parties." (R., Doc. 6 at 7 n.1.) We cannot say the district court abused its discretion in awarding this sum and there was no reasonable argument for removal. *See Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1135 (10th Cir. 2001) (review for reasonableness under § 1447(c)).

### III. Conclusion

The district court's order remanding the cases to state court is AFFIRMED.

The district court's order awarding attorney's fees and costs to the adoptive parents is AFFIRMED.

The Prices have also filed three Motions to Supplement the Record regarding case numbers DA 8893 and DA 9076, *In the Matter of Bret D. Landrith*. Because they fail to address the defects discussed above, the motions are DENIED.

Price's application to proceed *in forma pauperis* is GRANTED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

-8-