**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 8, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

OKLAHOMA FARM BUREAU
MUTUAL INSURANCE COMPANY,

Plaintiff-Counter-
Defendant-Appellee,

v.

JSSJ CORPORATION,

Defendant-Counter-
Claimant-Appellant,

STEPHEN J. CAPRON,

Attorney-Appellant.

No. 04-6154
(D.C. No. CV-03-1502-L)
(W. D. Okla.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

After defendant JSSJ Corporation (JSSJ) removed this case to federal court, the district court granted plaintiff Oklahoma Farm Bureau Mutual Insurance Company's (Farm Bureau's) motion for remand and request for legal fees incurred in association with the removal. *See* 28 U.S.C. § 1447(c). The district court further ordered that liability for the fees be divided equally between defense counsel, Stephen J. Capron, and JSSJ. Mr. Capron and JSSJ (appellants) appeal the fee order, and we affirm.

Although we lack jurisdiction to review the remand order, we do have jurisdiction to examine the propriety of the fee award. *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). "The court's decision regarding whether a fee award is warranted is reviewed for abuse of discretion, while the underlying legal analysis is reviewed de novo." *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997).

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Fee awards are committed to the district court's discretion and do not depend on any showing of bad faith on the part of the removing party. *Suder*, 116 F.3d at 1352. "What *is* required to award fees,

however, is a showing that the removal was improper *ab initio* ." *Id.* Thus the prerequisite for fee liability is whether removal to federal court was proper in the first place. *Id.*

In this circuit, once that prerequisite is established, the proper standard by which a district court determines the propriety of a fee award is whether "defendants' removal position was objectively reasonable at the time they sought removal." *Martin v. Franklin Capital Corp.* , 393 F.3d 1143, 1147-48 (10th Cir. 2004) ( *Martin II* ), *cert. granted* , 125 S. Ct. 1941 (U.S. Apr. 25, 2005) (No. 04-1140). The Supreme Court has recently granted certiorari in *Martin II* to determine "[w]hat legal standard governs the decision whether to award fees and expenses under 28 U.S.C. § 1447(c) upon remanding a removed case to state court[.]" *Martin v. Franklin Capital Corp.* , No. 04-1140, 2005 WL 474021 (U.S. filed Feb. 23, 2005). The petition for certiorari suggests that a split exists among the lower courts between those courts holding that fees should be awarded against the unsuccessful party absent some extraordinary reason to the contrary, *see Newman v. Piggie Park Enters.* , *Inc* ., 390 U.S. 400, 402 (1968) (addressing award of fees under Title II of Civil Rights Act of 1964) *,* and those courts which hold that fees *should not* be awarded against the unsuccessful party unless the removal had no reasonable foundation, *see Christiansburg Garment Co. v. EEOC* , 434 U.S. 412, 421 (1978) (addressing award of fees under Title VII of Civil Rights

Act of 1964).  We need not delay the resolution of this case pending the Supreme Court's decision in *Martin II*, however, because we hold that, under either standard, Farm Bureau is entitled to fees.

The underlying dispute in this case involves the destruction by fire of a home insured by Farm Bureau and Farm Bureau's subsequent products liability, tort, and subrogation action against JSSJ based on the latter's role in providing an allegedly unmerchantable and defective alarm system.  Farm Bureau's Oklahoma state court action  alleged causes of action under state law and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (MMWA).

Under MMWA, a consumer may sue for damages and other equitable relief in federal court but the amount in controversy must equal or exceed $50,000 (exclusive of interests and costs).  15 U.S.C. § 2310(d)(3)(B).  Farm Bureau's petition, in compliance with     Okla. Stat. tit. 12 §    2008 (A)(2), claimed compensatory and punitive damages in excess of $10,000 but made no other mention of amounts in controversy under any of the claims.  Aplt. App. at 10.

In order to establish that removal was proper ab initio, appellants argue that the actual claims in this case approached 1.4 million, more than enough to satisfy the MMWA  amount-in-controversy requirement.  They further contend that, while Farm Bureau's counsel had indicated a willingness to stipulate to a damage amount of less than $50,000 on the MMWA claim,     *see* Aplt. App. at 63, thus

-4-

defeating federal jurisdiction, that stipulation was ineffective because it was never filed in state court.

"A civil action is removable only if a plaintiff could have originally brought the action in federal court." *Coca-Cola Bottling of Emporia, Inc. v. South Beach Beverage*, *Co*., 198 F. Supp. 2d 1280, 1282 (D. Kan. 2002) (citing 28 U.S.C. § 1441(a)). Because JSSJ requested the removal, it must identify allegations in the petition establishing the amount in controversy or "set forth in the notice of removal itself, the '*underlying facts*' supporting [the] assertion that the amount in controversy exceeds $50,000." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). This jurisdictional minimum must be established at the time the removal motion is made. *Id*. Given the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record. *Id.*

Neither Farm Bureau's petition nor JSSJ's notice of removal establishes the requisite jurisdictional amount in this case. As noted above, the petition complies with Oklahoma pleading requirements and, by requesting damages in excess of $10,000 plus attorney fees, simply recites the necessary amount in controversy to invoke state district court jurisdiction. *See* Okla. Stat. tit. 12 §2008(A)(2). JSSJ's notice of removal states only that federal subject matter jurisdiction is available because Farm Bureau is seeking relief under MMWA and Farm

Bureau's claim seeks "more than $1,000,000 in relief." Aplt. App. at 4. Neither of these two statements establish the assertion that the amount in controversy of the MMWA claim exceeds $50,000. [1] Because the allegations in the petition are not dispositive, it was up to JSSJ, "in the notice of removal itself, [to set forth] the *underlying facts* supporting [the] assertion that the amount in controversy exceeds $50,000." *Laughlin*, 50 F.3d at 873 (quotation omitted). This they failed to do. Any additional matters in the record, including Mr. Capron's after-the-fact affidavit, Aplt. App. at 79-80, and Farm Bureau's attempt to formally stipulate to a $50,000 amount in controversy in its brief in support of its motion to remand, *id.* at 16, are inadequate to cure these deficiencies. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1291 n.4 (10th Cir. 2001) (*Martin I).* Because of this fatal omission, the district court did not abuse its discretion in awarding fees to Farm Bureau.

Appellants devote much of their argument to the effect of discussions with Farm Bureau's attorney regarding a possible stipulation limiting Farm Bureau's claim under MMWA to less than $50,000 (the value of the alarm system). The central issue in this case, however, is not the role of any putative stipulation and/or whether it needed to be filed in state court to be effective. The issue, other

---

[1] Claims for attorneys fees and amounts claimed under state law are not included in the amount-in-controversy calculation for purposes of the MMWA. *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069, 1071 (5th Cir. 1984).

than the impropriety of the removal ab initio, is whether JSSJ had a "fair basis" for removing the case or, rather, whether the district court correctly concluded that JSSJ "had [no] legitimate basis to believe the federal court could exercise jurisdiction over the case."  *See Martin II,* 393 F.3d at 1147-48 (quotation omitted).  As discussed above, in determining the propriety of the removal, we look to any supporting facts, either in Farm Bureau's petition or in JSSJ's notice of removal, to ascertain whether the MMWA amount-in-controversy requirement was met.  Because neither document contains any supporting facts going to this issue, we conclude that removal here was improper.  We further find no abuse of discretion in the district court's implicit conclusion that the removal was objectively unreasonable at the time it was initiated.  The stipulation issue is irrelevant.

The judgment of the district court is AFFIRMED.


Entered for the Court


Michael R. Murphy
Circuit Judge