F I L E D
United States Court of Appeals
Tenth Circuit

APR 18 2005

PATRICK FISHER
Clerk

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

TOPEKA HOUSING AUTHORITY,

　　　　Plaintiff - Appellee,

v.

MELVIN JOHNSON,

　　　　Defendant - Appellant.

No. 04-3348

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## (D.C. NO. 04-CV-4062-SAC)

---

Submitted on the briefs: *

Melvin Johnson, pro se.

Benoit M. J. Swinnen, Topeka, Kansas, for Plaintiff - Appellee.

---

Before **SEYMOUR** , **HARTZ** , and **McCONNELL** , Circuit Judges.

---

**HARTZ** , Circuit Judge.

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Melvin Johnson, appearing pro se, appeals the district court's order remanding this case to Kansas state court and assessing $500 against him for attorney fees and costs. Appellee Topeka Housing Authority (THA) filed a motion to dismiss for lack of appellate jurisdiction. Because we lack jurisdiction to review the remand order we grant the motion to dismiss in part. We have jurisdiction to review the fee award and affirm.

THA initiated an eviction action against Mr. Johnson in Kansas state court. In response he filed a notice of removal in the United States District Court for the District of Kansas. He claimed that removal to federal court was proper under 28 U.S.C. § 1441 because his notice of removal asserted violations of his civil rights protected by 42 U.S.C. §§ 1981, 1983, § 3631 (the Fair Housing Act), and 42 U.S.C. § 12131 (the Americans with Disabilities Act). Those claims rest on allegations that THA's attempt to evict him constituted discrimination on the basis of a disability (Mr. Johnson uses a wheelchair) and retaliation for various conduct, including his service as an elected officer in his housing project's tenant organization. THA filed a Motion For Remand claiming that the original eviction complaint did not arise under federal law. The district court agreed and remanded the case to state court. The court also awarded THA $500 in attorney fees and costs.

Mr. Johnson filed in district court a motion to reconsider, which the court denied. The court concluded that its remand order, based on lack of subject-matter jurisdiction, was not reviewable under 28 U.S.C. § 1447(d). On appeal Mr. Johnson contends that (1) the order to remand was erroneous because his assertions of federal-law violations create federal subject-matter jurisdiction, and (2) the monetary sanction against him was erroneous because he had to proceed pro se.

Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In general, original jurisdiction is lacking unless there is diversity of citizenship or "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Absent circumstances not present here, *see* 14B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3722.1 (1998) (complete-preemption doctrine), a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law. *See Holmes Group, Inc., v. Vornado Air Circulation Sys., Inc*., 535 U.S. 826, 830-31 & n.2 (2002) (neither a federal defense nor counterclaim can "serve as the basis for 'arising under' jurisdiction"); *see also* 14B Wright, Miller & Cooper, *supra*, § 3722, at 407-14.

When the federal court lacks subject-matter jurisdiction over a removed case, the court must remand the case to the state court. *See* 28 U.S.C. § 1447(c). [1] Remand orders are insulated from review. According to 28 U.S.C. § 1447(d),

> (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

Because Mr. Johnson rightly concedes that he did not remove this case under § 1443 (removal of certain civil-rights cases), *see Georgia v. Rachel*, 384 U.S. 780, 792 (1966) (construing § 1443 as allowing removal only when a defendant seeks to remove based upon "any law providing for specific civil rights stated in terms of racial equality"), the review restriction applies to this remand order. We have previously observed that the application of § 1447(d) is not so broad as the language suggests, because "[a]ppellate review is barred by § 1447(d) only when

---

[1]Section 1447(c) states in full:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

the district court remands on grounds permitted by § 1447(c)." *Farmland Nat'l Beef Packing Co. v. Stone Container Corp. (In re Stone Container Corp.)*, 360 F.3d 1216, 1218 (10th Cir. 2004) (internal quotation marks omitted). But it is broad enough to govern here. The district court remanded on the ground of lack of subject-matter jurisdiction, a ground recognized by § 1447(c). *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995). We therefore grant THA's motion to dismiss insofar as the appeal challenges the district court's order of remand.

We do, however, have jurisdiction to review the grant of attorney fees and costs. *See Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1144 (10th Cir. 2004); 14C Wright, Miller & Cooper, *supra*, § 3740, at 523 ("[A]lthough an appellate court may lack the power to review a remand order under Section 1447(c), so long as a district court's judgment is final, the appellate court always may review a lower court's award of attorney's fees under Section 1447(c)."). Section 1447(c) states, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court's decision to grant a fee award "is reviewed for abuse of discretion, while the underlying legal analysis is reviewed de novo." *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). No showing of bad faith

is necessary to justify the award. "What *is* required to award fees, however, is a showing that the removal was improper *ab initio.* " *Id.*

We agree with the district court that there was not federal jurisdiction to hear THA's original complaint. It presented no federal cause of action, nor was there diversity of citizenship. Removal was therefore improper, and the district court could exercise its discretion to assess reasonable costs and fees. *Id.* at 1352-53. That Mr. Johnson is a pro se litigant does not prevent the court from imposing sanctions. *See Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003). The district court determined that $500 was "less than the actual expenses and costs incurred by [THA] in challenging federal jurisdiction" and that the award was "fair and reasonable." R. at 27 n.1. *See also Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1135 (10th Cir. 2001) (review for reasonableness under § 1447(c)). We cannot say the district court abused its discretion in awarding this sum.

Throughout his brief on appeal Mr. Johnson also challenges the fairness and integrity of the district judge and contends that the judge should have been disqualified. Mr. Johnson has not, however, carried his heavy burden of showing the requisite judicial bias or misconduct. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "opinions formed by the judge [during] . . . the

current proceedings, or [] prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"). We therefore reject the challenge.

Finally, Mr. Johnson's "Objection to Appellee's Brief" requests that THA's brief be ignored as untimely. We deny the request. THA's brief was timely filed within 30 days of this court's December 14, 2004, order to proceed with briefing on the merits. The order was in response to THA's motion to dismiss. According to Tenth Circuit Rule 27.2(C), filing a motion to dismiss for lack of appellate jurisdiction "suspends the briefing schedule unless the court orders otherwise." The order to proceed with briefing thus implicitly granted THA 30 days to file its brief.

We AFFIRM the district court's award of fees to THA, and otherwise DISMISS the appeal.