**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JANICE LYNN KING f/k/a Ziegler,

    Plaintiff-Appellant,

v.

PAUL JOSEPH ZIEGLER; DAVID E. BRUNS, in his official capacity as Shawnee County District Court Judge of Division 12; EVELYN Z. WILSON, in her official capacity as Shawnee County District Court Judge of Division 5; LORI L. YOCKERS, in her official capacity as Administrative Hearing Officer of Shawnee County District Court; SHERRI KELLER, in her official capacity as Shawnee County District Court Case Manager ,

    Defendants-Appellees.

No. 04-3502
(D.C. No. 04-CV-4158-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Plaintiff-Appellant Janice Lynn King appeals[1] the district court's decision remanding this case to Kansas state court and requiring King to pay $200 in attorney fees. Defendant-Appellee Paul Joseph Ziegler has requested that this court dismiss this appeal. We GRANT that motion and DISMISS King's appeal because we lack jurisdiction to review the remand order. We do have jurisdiction, however, to AFFIRM the fee award.

King commenced this divorce action in Kansas state court in 1999. In November 2004, she removed the divorce action to federal district court and sought to add several state-court officials as "third-party defendants." (R. doc. 1.) The district court, however, remanded this case back to state court, holding that the federal court lacked jurisdiction over King's divorce action and that King had not followed proper removal procedures. (R. doc. 10 at 3-5.)

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Nonetheless, "[a]ppellate review is barred by § 1447(d) only when the district court remands on grounds permitted by § 1447(c)." Topeka Housing Auth. v. Johnson, 404 F.3d 1245, 1248 (10th Cir. 2005) (quotation omitted). "Section 1447(c) specifically

---

[1] We grant King's motion to proceed on appeal in forma pauperis. See 28 U.S.C. § 1915(a)(1).

allows district courts to order remand if there has been a 'defect in removal procedure,' or if it determines, at any time prior to final judgment, that it 'lacks subject matter jurisdiction.'" Kennedy v. Lubar, 273 F.3d 1293, 1297 (10th Cir. 2001) (quoting 28 U.S.C. § 1447(c)). The district court remanded on both these grounds. (R. doc. 10 at 3-5.) Therefore, "§ 1447(d) absolutely prohibits appellate review of the order, and we adhere firmly to this prohibition." Kennedy, 273 F.3d at 1297.

In removing this divorce action to federal court, King invoked, among other statutes, 28 U.S.C. § 1443.[2] (R. doc. 1 at 1.) This court would have jurisdiction to review "an order remanding a case to the State court from which it was removed pursuant to section 1443." 28 U.S.C. § 1447(d); see also First Union Mortgage Corp. v. Smith, 229 F.3d 992, 994 (10th Cir. 2000). "The Supreme Court has established a two part test for section 1443 removal petitions in

---

[2]    In relevant part, § 1443 provides that

[a]ny of the following civil actions or criminal prosecutions[] commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

Johnson v. Mississippi, 421 U.S. 213 . . . (1975)." Colorado v. Lopez, 919 F.2d 131, 132 (10th Cir. 1990).

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. A state court defendant's claim that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination is insufficient for removal. Second, it must appear that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of [the] State.

Id. (quotations, citations omitted). We agree with the district court that King has failed to satisfy the requirements for removal under section 1443. Thus, this court lacks jurisdiction to consider King's appeal from the remand order.

This court does have jurisdiction to review the district court's decision to require King to pay Ziegler's counsel $200 in attorney fees and costs expended in defending the removal (R. doc. 10 at 5-6.). See Johnson, 404 F.3d at 1248. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

This court reviews the district court's decision to grant attorney fees and costs for an abuse of discretion and the court's underlying legal analysis de novo. See Johnson, 404 F.3d at 1248. "No showing of bad faith is necessary to justify the award. What *is* required to award fees, however, is a showing that the

removal was improper *ab initio*." Id. (quotation omitted).  In this case, removal

was improper.  See id.  The district court did not abuse its discretion in awarding

Ziegler's attorney $200 in fees and costs.  See id.

We, therefore, AFFIRM the district court's award of fees.  We otherwise

grant Ziegler's motion and DISMISS the appeal.  King's motions to supplement

the record are DENIED.  All other pending motions, including King's requests for

contempt citations, a restraining order (Aplt. Reply Br. at 14-15.), and stays of the

state-court proceedings are DENIED as moot.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge