**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STATE OF KANSAS, ex rel. Paul J.
Morrison,[*] Attorney General,

Petitioner-Appellee,

v.

DAVID MARTIN PRICE;
ROSEMARY DENISE PRICE;
JANICE LYNN KING,

Respondents-Appellants,

and

PRO SE ADVOCATES,

Respondent.

Nos. 07-3016 & 07-3024
(D.C. Nos. 06-CV-4121-JAR &
06-CV-4082-JAR)
(D. Kan.)

**ORDER AND JUDGMENT**[**]

Before **TACHA**, Chief Judge, **MURPHY**, and **HOLMES**, Circuit Judges.

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Paul J. Morrison is substituted for
Phill Kline as appellee in this action.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Respondents-appellants David Martin Price, Rosemary Denise Price, and Janice Lynn King, proceeding pro se here as in the district court, appeal the district court's orders remanding the underlying lawsuit to the Kansas Supreme Court and awarding attorney fees and costs to petitioner. We hold that this court lacks jurisdiction over the district court's remand orders and we dismiss the appeals from those orders. We do have jurisdiction over the orders for attorney fees and costs, however, and we affirm those orders.

## I. Background

The Kansas Attorney General, the petitioner-appellee in this appeal, filed an original action in *quo warranto* in the Kansas Supreme Court against respondents on April 27, 2006, seeking to enjoin them from engaging in the unauthorized practice of law. They were served with the petition on May 1, 2006. Almost three months later, on July 26, 2006, respondents filed a notice of removal to the federal district court. They claimed that the *quo warranto* action violated their First Amendment right to assist others before the Kansas state courts, even though they are not lawyers. Their removal documents also included counterclaims asserting violations of their constitutional rights. On August 25, 2006, petitioner moved to remand the case to the state court and requested an award of attorney fees and costs. The district court remanded the case on September 26, 2006, and granted petitioner's motion for attorney fees and costs

-2-

upon presentation of an itemized statement. After reviewing the itemized statement, the district court entered an award of attorney fees and costs against respondents for $4,493.38. The district court denied respondents' motion for a new trial. They appeal; this action was assigned appeal No. 07-3024.

After the federal district court remanded the *quo warranto* action, respondent Janice L. King filed another notice of removal to federal court, relying on the same grounds as the first.[1] The federal district court remanded the case on December 7, 2006, and again awarded attorney fees and costs to petitioner, this time for $190.80. Respondents' appeal of those orders was assigned appeal No. 07-3016.

This court granted respondents' motion to consolidate the two appeals. Because the district court's rulings and the issues raised on appeal are identical for both appeals, we consider them together.

The district court granted petitioner's motions to remand for lack of federal subject-matter jurisdiction and because the removal notices were untimely under 28 U.S.C. § 1446(b). In its ruling on jurisdiction, the district court held that the *quo warranto* action involved solely matters of state law, federal removal jurisdiction cannot be conferred by a federally-based defense or counterclaim, and

---

[1] The first remand order was issued by a federal judge sitting in Topeka, Kansas. Ms. King filed the second removal notice in Wichita, Kansas, seeking to avoid the Topeka court. But the Wichita court clerk observed that the second removal notice pertained to the same case as the first, and transferred it to the federal judge assigned to the case in Topeka.

respondents' removal notices did not allege the requisite racial-equality claims to qualify for removal under 28 U.S.C. § 1443.

On appeal, respondents argue that (1) the *quo-warranto* complaint failed to state a claim upon which relief can be granted, (2) no Kansas law prohibits their legal-advice activities, (3) the federal court has jurisdiction over the constitutional questions raised in their removal motions, (4) the district court misapplied § 1443 because Congress intended it to apply to all litigants seeking to remove a case to federal court, and (5) they have standing to bring claims against the State of Kansas for violating their constitutional rights in state court or agency proceedings. They also allege that the federal district court was biased against them because they are pro se litigants. They further claim that an ex parte communication between the district court and petitioner's attorney prejudiced them.

We construe pro se litigants' pleadings liberally and hold them to "a less stringent standard than formal pleadings drafted by lawyers," but we do not make legal arguments or perform legal research for them. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (citation and quotation omitted).

*II. Analysis*

A. Remand Orders

This court does not have subject-matter jurisdiction over respondents' appeal of the district court's remand orders. The remand orders are "not reviewable on appeal or otherwise." § 1447(d). As the Supreme Court has "relentlessly repeated[,] any remand order issued on the grounds specified in § 1447(c) is immunized from all forms of appellate review, whether or not that order might be deemed erroneous by an appellate court." *Kircher v. Putnam Funds Trust*, ___ U.S. ___, 126 S. Ct. 2145, 2153 (2006) (quotation and alteration omitted).

Respondents rely in part on 28 U.S.C. § 1443, "which allows removal to address the violation of a right to racial equality that is unenforceable in state court." *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005). In *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975), the Supreme Court established a two-part test for removal petitions filed under § 1443. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Id.* (quotation omitted). Second, the removal petitioner must show that he or she "is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Id.* (quoting 28 U.S.C. § 1443(1)); *see also Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding burden is on party seeking removal to establish

federal jurisdiction).

Respondents argue that Congress intended § 1443 to apply to all removal petitions, including theirs, raising constitutional claims. But they have cited no authority to support their argument. Indeed, the Supreme Court has held that § 1443 does not apply to claims asserting violations of rights under generally-applicable constitutional or statutory provisions. *Johnson*, 421 U.S. at 219; *accord Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006). The rights respondents claim were denied them in the *quo warranto* action "are not, in the language of the statute, rights arising under any law providing for the equal civil rights of United States citizens." *Colo. v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quotation omitted). Therefore, § 1443 does not apply.

Accordingly, we hold that this court is without jurisdiction to review the district court's orders remanding the case to the Kansas Supreme Court. As a consequence, we do not address the merits of respondents' claims, including those pertaining to the merits of the *quo warranto* action or any related actions taken by the Kansas State authorities. We are similarly without jurisdiction to review the district court's orders denying their motions to reconsider the remand orders. *See* § 1447(d).

## B. Orders Awarding Attorney Fees and Costs

Although we lack jurisdiction over the remand orders, we do have subject-matter jurisdiction to review the district court's orders awarding attorney fees and costs to petitioner. *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005). "A court's decision to grant a fee award is reviewed for abuse of discretion, while the underlying legal analysis is reviewed de novo." *Id.* (quotation omitted). Awards of attorney fees and costs in removal proceedings are authorized under § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, ___, 125 S. Ct. 704, 711 (2005). There is no presumption to award fees or not to award them. *Id.* at 709-11. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 711.

Respondents do not challenge the reasonableness of the amount of attorney fees and costs awarded to petitioner. Instead, they assert that the district court did not comply with the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504; 28 U.S.C. § 2412(d)(1)(A). They also seek an order requiring petitioner to pay their costs pursuant to the EAJA. The EAJA is not applicable; attorney fees were awarded pursuant to § 1447(c).

We have reviewed the district court's orders granting attorney fees and costs to petitioner according to the *Martin* standards. *See Martin*, 125 S. Ct. at 709-11. We find no error in the district court's conclusion that respondents did not have an objectively reasonable basis for seeking removal and we conclude that the district court did not abuse its discretion in awarding $4,493.38 for attorney fees and costs in case No. 06-CV-4082-JAR (appeal No. 07-3024), and $190.80 in case No. 06-CV-4121-JAR (appeal No. 07-3016). Respondents' request for an award of costs is denied.

### C. Judicial Bias

Respondents assert that the district court was biased against them, or at least gave the appearance of bias. They rely on the district court's statement in its order denying their request to file an amended notice of removal that even if the court had jurisdiction, it would not grant the motion because respondents did not comply with Fed. R. Civ. P. 15(a). They maintain that generally the law does not apply uniformly, constitutionally, or fully to pro se litigants, but they offer no specific instances to support this charge.

Respondents also allege that the district court held an ex parte communication with petitioner's attorney that prejudiced them. They identify no ex parte communication, however. Rather, they apparently contend that the district court's agreement with legal arguments made by petitioner's attorney demonstrated the court's bias against them.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Litekey v. United States*, 510 U.S. 540, 555 (1994). Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Respondents' unsupported allegations are insufficient to carry their "heavy burden" to demonstrate judicial bias. *Topeka Hous. Auth.*, 404 F.3d at 1248.

### III. Pending Motions

Respondents have filed a "Motion for Clarification" seeking disqualification of the attorney representing the petitioner in these appeals and reversal of the district court's orders awarding attorney fees for his professional services, on the ground that Kansas state statutes do not authorize the State to hire private counsel.[2] Respondents have reproduced numerous Kansas statutes, comprising fourteen and one-half pages of their motion. They have not explained, however, why those statutes entitle them to relief, except to argue that *quo warranto* does not apply to them and the selected statutes do not specifically authorize the State to engage private counsel. The motion is denied because respondents have not established grounds to disqualify the State's counsel and

---

[2] Respondents filed a previous motion for clarification, also seeking to disqualify the State's attorney, but on the ground that he was not authorized to participate as a party. That motion was denied.

because this court lacks jurisdiction over the district court's order remanding the case to the state court.

Also pending is respondents' "Motion Requesting Order of Cease and Desist" asking this court to order the State not to pursue its remedies under state law and to require it to return monies already collected. Again, because this court does not have jurisdiction over the district court's remand order, respondents' motion is denied.

*IV.  Conclusion*

The pending motions are denied. The appeals from the remand orders are DISMISSED for lack of subject-matter jurisdiction. The orders of the district court awarding attorney fees and costs to the petitioner are AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Chief Circuit Judge