**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN D. KIKER, M.D.; REITA K. KIKER,

     Plaintiffs-Appellees,

v.

COMMUNITY HEALTH SYSTEMS PROFESSIONAL SERVICES CORPORATION; ROSWELL CLINIC CORPORATION; ROSWELL HOSPITAL CORPORATION, d/b/a Eastern New Mexico Medical Center, Inc.; JOHN DOES 1-10,

    Defendants-Appellants.

No. 11-2134
(D.C. No. 2:10-CV-00830-LH-RLP)
(D.N.M)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO, McKAY**, and **GORSUCH**, Circuit Judges.

This appeal is about $6,137.50. That's the amount the district court awarded to John and Reita Kiker for the fees and costs they incurred when the defendants wrongfully removed their state tort suit to federal court. The suit itself was remanded to state court long ago, and the district court's remand

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

decision is unreviewable.  *See* 28 U.S.C. § 1447(d).  All that remains in federal court is this fee dispute.

Why expend the effort to contest a sum surely much smaller than the cost of this appeal, especially when the real action is in state court?  At oral argument, the defendants said they hoped for a valuable precedent making important new ERISA preemption law.

But resolving this appeal does not require so much.  To be sure, we may review a district court's grant of fees and costs for a wrongful removal, even though we may not review its remand order.  *See Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005).  And, to be sure, a district court may grant fees and costs only when the removing party "lacked an objectively reasonable basis for seeking removal," an analysis that necessarily touches on the underlying merits of the remand decision.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  But both parties acknowledge that the defendants needed to present a colorable claim that Dr. Kiker or his wife was a participant or beneficiary of an ERISA plan in order to have an "objectively reasonable basis" for their removal. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 116-18 (1989).  After all, ERISA preempts only those claims that can be brought under its provisions and only a participant or beneficiary can bring ERISA claims.  *See* 29 U.S.C. § 1132; *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 210 (2004).  And all this

means our appeal turns not on high questions of law but a low question of fact: How many hours a week was Dr. Kiker scheduled to work?

That's because, the parties agree, for Dr. Kiker to qualify as a participant and his wife a beneficiary of the ERISA plan in question, the doctor had to be scheduled to work at least 20 hours per week. And so to justify their removal as objectively reasonable the defendants had to produce evidence suggesting a colorable or non-frivolous argument that Dr. Kiker was scheduled to work that much. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006).

The district court held that the defendants failed to clear this hurdle, and the evidence in the record supports its ruling. Time sheets submitted to the court show that Dr. Kiker invariably worked 8 hours per day and, under his employment contract, Dr. Kiker could work no more than 120 days a year. Putting those documents together and doing a little math shows that Dr. Kiker could have worked as much as an average 18.46 hours per week, close, but still not the necessary 20 hours (120 days x 8 hours ÷ 52 weeks). For their part, the defendants rejoin that Dr. Kiker's professional responsibilities were serious and might well have required him to work more than 8 hours per day. But they present no more than surmise on this score and their surmise runs contrary to the best evidence (Dr. Kiker's time sheets and contract). Alternatively, the defendants note that Dr. Kiker received compensation for vacation and sick leave and point to a human resources personnel form recording Dr. Kiker's employment

with a notation reading "20 Avg hrs/Wk." But again Dr. Kiker's actual time records conclusively show he did not work 20 hours per week and his employment agreement makes no mention of any entitlement to (or provide any schedule of) vacation or sick days on top of his contractually limited 120 days of employment. In these particular circumstances, we agree with the district court that the defendants failed to present a colorable claim that Dr. Kiker was entitled to benefits under the plan. Indeed, the cases the defendants cite and rely on tend to underscore the absence, not presence of a colorable claim here. *See, e.g.*, *Weber v. GE Grp. Life Assurance Co.*, 541 F.3d 1002, 1011-16 (10th Cir. 2008) (holding that an employer acted arbitrarily and capriciously in denying benefits due to those who "regularly work[] at least 30 hours per week" given evidence that the employee "was hired and assigned to work a 40-hour week"). And without a colorable claim, the defendants lacked an objectively reasonable basis for removal and the award of fees and costs was proper.

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge