FILED
United States Court of Appeals
Tenth Circuit

January 13, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————————

JOHN C. EBERT, d/b/a Flint Rock
Rentals,

     Plaintiff - Appellee,

v.

ROBERT S. HERWICK; INGRID
HERWICK,

     Defendants - Appellants.

No. 16-3085
(D.C. No. 5:16-CV-04030-DDC-KGS)
(D. Kan.)

————————————————————

**ORDER AND JUDGMENT**[*]
————————————————————

Before **HOLMES**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
————————————————————

This action was initiated by plaintiff John C. Ebert in Kansas state court as a

petition for eviction for failure to make payments due under a real estate rental

agreement. The renters, defendants Robert S. and Ingrid Herwick, filed an answer in

which they alleged fraud in the inducement and various contractual breaches by

Mr. Ebert and asserted a counterclaim for $100,000. Shortly thereafter, they filed a

notice of removal in the United States District Court for the District of Kansas,

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

invoking the district court's federal-question jurisdiction and claiming the matter was removable under 28 U.S.C §§ 1441 and 1446.[1]  Mr. Ebert moved to remand the case to state court, arguing there had been no valid jurisdictional basis for removal.  The district court agreed.  It remanded the case and ordered the Herwicks to pay $200 in costs and fees pursuant to 28 U.S.C. § 1447(c).  The Herwicks appealed.  We dismiss the appeal in part and otherwise affirm the order of the district court.

Mr. Ebert has moved to dismiss this appeal for lack of jurisdiction under § 1447(d), which bars review of orders that remand removed proceedings for lack of subject matter jurisdiction.  *See Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) (enforcing bar where, as here, district court remanded case for lack of valid jurisdictional basis for removal).  The motion to dismiss is meritorious insofar as the appeal challenging the remand itself is concerned.  *See id.*  In that regard, the aspersions cast by the Herwicks on the courts and laws of Kansas do not provide any basis for circumventing the command of § 1447(d).

"We do, however, have jurisdiction to review the grant of attorney fees and costs," *Topeka Hous. Auth.*, 404 F.3d at 1248, to which the Herwicks also object on appeal, *see* Aplt. Opening Br. at 3.  We have explained our review of such awards as follows:

---

[1] The notice of removal also referred to an "amount in controversy" in excess of $75,000.00, which would have been relevant only to diversity jurisdiction.  The Herwicks insist that removal was based solely on federal-question jurisdiction, and even criticize the district court for considering (and rejecting) diversity as a basis for removal.  Accordingly, we do not consider diversity jurisdiction here.

Section 1447(c) states, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court's decision to grant a fee award is reviewed for abuse of discretion, while the underlying legal analysis is reviewed de novo. No showing of bad faith is necessary to justify the award. What *is* required to award fees, however, is a showing that the removal was improper *ab initio*.

*Topeka Hous. Auth.*, 404 F.3d at 1248 (citation and internal quotation marks omitted). Hence we must still consider the legal basis for the remand order as part of our review of the award of fees and costs under § 1447(c).

Mr. Ebert's eviction petition, based on Kansas law, obviously did not entail a federal question. The Herwicks relied on their counterclaim, which they vaguely described as involving "multiple federal and state offenses," as the basis for invoking federal-question jurisdiction in the notice of removal. R. at 7. But, as the district court explained, "[a]bsent circumstances not present here [i.e., application of the complete-preemption doctrine] . . ., a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *Topeka Hous. Auth.*, 404 F.3d at 1247 (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 n.2 (2002)). On appeal, the Herwicks simply reassert their argument for federal-question removal jurisdiction on the basis of the counterclaim without addressing this basic flaw in the argument. We conclude "[r]emoval was therefore improper, and the district court could exercise its discretion to assess reasonable costs and fees." *Id.* at 1248. That the Herwicks are pro se litigants does not alter that conclusion. *See id.* Indeed, the district court noted they had particular reason to be aware of the impropriety of the removal here, having

3

ineffectually removed another Kansas state eviction proceeding before doing the same thing here.  *See* R. at 95-96.

As for the amount of the award, the district court followed the example of a prior case, *In re Marriage of King v. Ziegler*, No. 04-4158-SAC, 2004 WL 3037968, at *2 n.1 (D. Kan. Dec. 16, 2004), which had determined "that $200 represents a fair and reasonable award of fees and costs" for the burden of opposing an improper removal.  R. at 96.  Although that sum "likely was less than the actual expenses and costs incurred in filing the motion to remand," *Ziegler* concluded it was reasonable in light of the removing party's pro se and in forma pauperis status, and the district court did the same here.  *Id.* at 96-97.  We discern nothing facially unreasonable in this approach, nor do the Herwicks raise any particular objection to the amount of the award.  Under the circumstances, we cannot say the district court abused its discretion.

The motion to dismiss the appeal is granted insofar as appellants seek reversal of the order of removal.  The district court's award of fees and costs under § 1447(c) is affirmed.  Appellants' motions to strike appellee's answer brief, for an immediate award of summary judgment, and for sanctions against appellee are denied.

Entered for the Court


Bobby R. Baldock
Circuit Judge


4