**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 7, 2023**

_____

**Christopher M. Wolpert**
**Clerk of Court**

EPHRAIM WOODS, JR.,

      Plaintiff - Appellant,

v.

KENDRA ROSS; CHERYL ROSS,

      Defendants - Appellees.

_____

DWIGHT JOHNSON,

      Plaintiff - Appellant,

v.

KENDRA ROSS; CHERYL ROSS,

      Defendants - Appellees.

_____

RAASIKH ROBERTSON,

      Plaintiff - Appellant,

v.

KENDRA ROSS; CHERYL ROSS,

      Defendants - Appellees.

_____

No. 22-3046
(D.C. No. 2:21-CV-02011-DDC-TJJ)
(D. Kan.)

No. 22-3058
(D.C. No. 2:21-CV-02013-DDC-TJJ)
(D. Kan.)

No. 22-3059
(D.C. No. 2:21-CV-02014-DDC-TJJ)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.

_____

The appeals in these consolidated cases arise from the district court's judgment dismissing Plaintiffs' actions for failure to state a claim for relief. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in each appeal.

## I. BACKGROUND

In 2017, Kendra Ross filed a federal lawsuit against The Value Creators, Inc., formerly known as the United Nation of Islam, Inc. (UNOI); UNOI's leader, Royall Jenkins; and related entities. Kendra and her mother, Cheryl Ross, were UNOI members.[1] Kendra alleged the defendants had trafficked her and forced her into unpaid labor from the age of 11 until she was 21. The district court granted Kendra's motion for default judgment and awarded her nearly $8 million. *See Ross v. Jenkins*, 325 F. Supp. 3d 1141, 1153 (D. Kan. 2018).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The brief for Kendra and Cheryl Ross refers to them by their first names. We do the same to avoid confusion.

In 2020, three UNOI members (Messrs. Woods, Johnson, and Robertson) filed separate but similar pro se actions in Kansas state court against Kendra and Cheryl for breach of contract and defamation. Kendra removed the cases to federal court and moved to dismiss the complaints under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The district court granted Kendra's motions to dismiss and denied Plaintiffs' various motions, including motions for recusal, to remand, and for default judgment. The court also ordered Plaintiffs to show cause why the court should not dismiss their complaints against Cheryl, who had not entered an appearance in the case. Plaintiffs responded and sought a default judgment against Cheryl. After further proceedings not relevant to this appeal, the district court denied the motions for default judgment against Cheryl and dismissed the cases with prejudice.

Plaintiffs appealed, and we consolidated their appeals. Because Plaintiffs' filings in the district court and this court are materially similar, we cite to Mr. Woods's filings and the record in his appeal.

## II. DISCUSSION

We construe Plaintiffs' pro se opening briefs liberally.[2] *See Yang v. Archuleta*, 525 F.3d at 925, 927 n.1 (10th Cir. 2008). Plaintiffs argue that (1) removal was improper and therefore the district court lacked jurisdiction, (2) the district court

---

[2] Plaintiffs did not file reply briefs.

3

should have entered default judgment against Kendra and Cheryl, and (3) the district court judge was biased against them.

## A. *Removal*

Plaintiffs contend that Kendra's removal was untimely and therefore the district court lacked jurisdiction.[3] But as explained below, they failed to argue in district court that removal was untimely, and they have not argued here for plain-error review. Plaintiffs therefore have waived this issue, and we are not required to consider it because it is not jurisdictional.

### 1. **Legal Background**

Our discussion of this issue refers to three different 30-day time limits:

(1) The summons served on Kendra in the state court action said she had 30 days to file a responsive pleading.

(2) Under 28 U.S.C. § 1446(b)(1), the defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

(3) Under 28 U.S.C. § 1447(c), "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

---

[3] Our independent review shows no error in the district court's determination that diversity jurisdiction existed. Plaintiffs do not contend otherwise.

2. **Additional Procedural Background**

In the state court action, Plaintiffs served Cheryl on October 1, 2020, and allegedly served Kendra on October 7, 2020. The summonses said the Defendants had 30 days to file an answer. Neither one did. On December 17 and 23, 2020, Plaintiffs Woods and Johnson filed motions for default in state court against both Defendants.

On January 11, 2021, Kendra filed a notice of removal based on diversity jurisdiction. *See* 28 U.S.C. § 1332. She alleged that because she had not yet been served with the state court summons, § 1446(b)(1)'s 30-day removal period had never begun. On January 22 and 25, 2021, Plaintiffs filed motions to transfer the case back to state court, arguing that the federal district court lacked subject matter jurisdiction.

The district court construed Plaintiffs' filings as motions to remand and denied them. It first concluded that diversity jurisdiction was proper. Also, although the motions were filed within 30 days of the removal under § 1447(c), the court determined Plaintiffs had "waived any argument that Kendra's Notice of Removal was defective procedurally" because they "challenge[d] neither the timeliness of removal nor whether both defendants consented to removal—procedural defects." R., Vol. 2 at 135 n.4.

3. **Analysis**

On appeal, Plaintiffs do not contest the district court's determination that they waived any challenge to the timeliness of removal. They thus have waived appellate

review of that ruling. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020)

("Issues not raised in the opening brief are deemed abandoned or waived.").[4]

Plaintiffs now argue removal was untimely. But they forfeited this

argument—they failed to raise it in district court. *See Richison v. Ernest Grp., Inc.*,

634 F.3d 1123, 1128 (10th Cir. 2011) (explaining that if a litigant fails to raise a legal

theory in the district court, "we usually hold it forfeited," rather than waived). And

"we will reverse a district court's judgment on the basis of a forfeited theory only if

failing to do so would entrench a plainly erroneous result." *Id.* Plaintiffs have not

argued for plain-error review, so they have waived their timeliness argument in this

court. *Id.* at 1131.

Further, because an untimely notice of removal is "[a] procedural defect," and

such defects do "not involve the subject matter jurisdiction of the court and may be

---

[4] In any event, Plaintiffs did not challenge the timeliness of removal within
§ 1447(c)'s 30-day period. In their district court filings made within that period,
Plaintiffs twice mentioned a 30-day limit.

First, their motions to remand stated: "I move to have [Kendra's attorney's] filing
[i.e., the notice of removal,] stricken and this case put back in the proper jurisdiction and
the fact Kendra Ross *has defaulted over the 30 day time limit* [to respond to the
summons] which clearly demonstrates that [her attorney's] filing is a moot point."
R., Vol. 1 at 179 (emphasis added).

Second, Mr. Woods's objection to Kendra's "Attorney . . . As A Moot Point"
stated that "any filing once past *the 30 days on the summons* now becomes a moot point
and has no foundation in law," and "[a] *default motion* has been filed against
[Defendants] and both were given an additional 30 days over the required *30 day
standard as per the summons* and by the court rules." *Id.* at 185 (emphasis added).

These references concern Kendra's failure to file a responsive pleading in state
court within the 30-day deadline stated in the summons allegedly served on her, not her
failure to file the notice of removal within 30 days of the alleged service under
§ 1446(b)(1).

waived," we are not obligated to take up the issue *sua sponte*. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999); *see Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992) (recognizing "general rule [that] we refuse to consider arguments raised for the first time on appeal unless . . . jurisdiction is in question").

Plaintiffs also appear to argue that removal was improper because Kendra failed to file an answer in state court within 30 days, as the summons instructed. But their supporting legal authority supports only that a plaintiff may seek a default when a defendant fails to timely respond to an initial pleading. Plaintiffs provide no legal authority holding that a defendant who fails to timely respond to an initial pleading may not remove a case to federal court.

## B. *Default Judgment*

Plaintiffs contend the district court erred in not entering default judgment in their favor. Our review is for an abuse of discretion. *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010). We see none. The district court provided three alternative bases to deny Plaintiffs' motions for default judgment. We need consider only one—that default judgment was not warranted because Plaintiffs failed to state a claim for relief under Rule 12(b)(6).[5] *See Bixler*, 596 F.3d at 762 (explaining that a district

---

[5] The district court's other two reasons for denying default judgment were (1) although Plaintiffs had filed a motion for default in state court, that court had never acted on their motion, and they failed to file a motion for default in federal court; and (2) Kendra had not been properly served.

court does not abuse its discretion by denying default judgment where claims are "subject to dismissal under Rule 12(b)(6)"). Plaintiffs have not challenged the district court's conclusion that they failed to state a claim for relief, so they have waived appellate review of that ruling. *See Sawyers*, 962 F.3d at 1286. Because their claims were legally deficient, they cannot show the district court abused its discretion by refusing to enter default judgment.

### C. *Judicial Bias*

Plaintiffs filed motions to recuse the district court judge under 28 U.S.C. § 455(a), arguing he was biased because he had ruled in Kendra's favor in *Ross v. Jenkins*. The district court denied their motions, explaining that "adverse rulings provide no reason for recusal." R., Vol. 2 at 131.

A federal judge must recuse from "any proceeding in which his impartiality might reasonably be questioned." § 455(a). "We review a districts court's denial of a motion to disqualify a judge for abuse of discretion." *Burke v. Regalado*, 935 F.3d 960, 1052 (10th Cir. 2019).

Plaintiffs have failed to meet their "heavy burden of showing the requisite judicial bias." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of . . . prior proceedings[] do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540,

8

555 (1994). Indeed, we recently said that "judges need not ordinarily recuse after ruling on similar issues in other cases involving the same parties." *Zen Magnets, LLC v. Consumer Prods. Safety Comm'n*, 968 F.3d 1156, 1168 (10th Cir. 2020).

On appeal, Plaintiffs summarily repeat their argument that the district court judge was biased against them because of his ruling in *Ross v. Jenkins*. This argument fails to demonstrate any "favoritism or antagonism" arising from the ruling in that case that rendered the district judge unable to make a fair judgment in these cases.[6]

### III.  CONCLUSION

We affirm the district court's judgments in each appeal. We deny the motions that Plaintiffs Johnson and Robertson have filed to proceed on appeal *in forma pauperis* because they have failed to show the "existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (quotations omitted). Their filing and docketing fees are thus now due in full. We deny all other pending motions and mandamus petitions.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[6] Plaintiffs raise no arguments bearing on the district court's dismissal of their claims against Cheryl.